IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 2:16-CR-20016

JUSTIN ASHMORE                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Justin Ashmore's motion to exclude evidence and dismiss count six of the superseding indictment (Doc. 25) and the Government's response (Doc. 27). For the reasons set forth below, Ashmore's motion will be DENIED.

On May 11, 2016, Ashmore was indicted for four counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §2252A(a)(5)(B) and (b)(2). (Doc. 1). On August 8, 2016, Ashmore requested that the Court order the Government to make available for inspection by his retained expert, Steven Moshlak, "mirror image copies of four hard drives related to the investigation of Justin Ashmore, three SD cards, two flash drives, one external hard drive, one Samsung cell phone, thirty-five CDs and DVDs, and a computer forensics report." (Doc. 15, p. 8). On August 10, 2016, the Court ordered the Government "to make the materials at issue reasonably available for inspection and examination at the Homeland Security Investigation facility in Alexandria, Virginia, as it previously agreed to do, or at another Government facility upon agreement of the parties." (Doc. 19, pp. 2-3). On or about September 18, 2016, Moshlak began his examination. On October 5, 2016, Ashmore was indicted on a superseding indictment that added a sixth count for access with intent to view child pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). (Doc. 21, pp. 3-4). Count six alleges that Ashmore "knowingly accessed one or more of

1

the following devices: a Samsung Galaxy cellular phone connected to the internet and a computer containing an 80 GB Western Digital Hard Drive connected to the internet." (*Id*., p. 3).

At issue in the present motion is whether the Government made the Samsung Galaxy cellular phone (the "cell phone") or a mirror image of it reasonably available for inspection and examination in accord with the Court's August 10, 2016 order; whether evidence that Ashmore contends was not produced until October 24 and 25, 2016 should be excluded from introduction at trial; and whether the Court should dismiss count six of the superseding indictment because Ashmore's due process rights were allegedly violated "based upon the non-disclosure of evidence and the filing of a new count so close in time to a new trial and after Moshlak had examined the evidence." (Doc. 25, p. 4).

First, the Government argues that it complied with the Court's August 10, 2016 order even though a mirror image of the cell phone was not produced for inspection and examination by Moshlak. The Government represents that "[u]nlike a computer hard drive, a 'mirror image' is neither used nor created when examining a cellular device." (Doc. 27, p. 5). The Court interprets this to mean that producing a mirror image of the cell phone was not reasonable, because it is the Court's understanding that while a mirror image of a cell phone *could* be produced, it might not always be *feasible* to do so. See *U.S. v. Palomino-Coronado*, 805 F.3d 127, 129 (4th Cir. 2015) (noting a forensic image extraction, another term for a mirror image extraction, was performed by the FBI on the defendant's cell phone and revealed child pornography); *see also U.S. v. Aguilera*, 591 Fed. Appx. 555, 558 (9th Cir. 2015) ("Although the parties had an agreement in place to allow for 'mirror images' of the data on the cell phones to be made… the device used to copy the cell phones' data is not capable of making a 'mirror image.'").

Instead of extracting a mirror image, the Government used forensic software known as

Cellebrite to extract file data from Ashmore's cell phone, and provided the extracted data to defense counsel via email on August 8, 2016. (Doc. 27, p. 5; Doc. 27-1). The hash value of the one known video on the cell phone containing child pornography was included in the email, but the forensic software was unable to recover hash values of the deleted videos. (Doc. 27, p. 6). Ashmore contends that the Government performed the forensic examination on the cell phone on April 16, 2016, but waited to disclose the cell phone report until October 24, 2016. (Doc. 25, p. 3). The Government argues, though, that defense counsel was provided with the 80-page cell phone extraction report via email on August 8. (Doc. 27-1). According to the Government, the email provided a summary of the findings of the cell phone's examining officer and the attached report was generated by Cellebrite. (Doc. 27, p. 4).

In light of the Government's represented forensic examination abilities, the Court finds the production of the Cellebrite extraction report on August 8 to be in compliance with the Court's order compelling the production of materials at issue in the case. The extraction report is what the Government relied on in charging Ashmore with count six of the superseding indictment, and it is also what Moshlak examined in September. Accordingly, the cell phone evidence at issue in this case was both reasonably available for inspection and examination.

Further, Exhibits A, B, and C that Ashmore contends were not received until October 24 and 25, 2016 will not be excluded from introduction at trial. According to the Government, Exhibit A is "nothing more than a summary of the Samsung Extraction Report" that was provided on August 8, containing a summary narrative of the expected testimony from the task force officer who performed the forensic examination on April 16. (*Id*., p. 7). Given that the extraction report was produced on August 8, the summary narrative of the examining officer's expected testimony will not be excluded. This Exhibit was produced in accordance with Federal Rule of Criminal

Procedure 16(a)(1)(E) which requires the government to provide, at the defendant's request, a written summary of the expert testimony that it intends to use during its case-in-chief. That summary must "describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." Fed. R. Crim. P. 16(a)(1)(E). The purpose of this rule is "to minimize surprise that often results from unexpected expert testimony, reduce the need for continuance, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Committee Notes, 1993 Amendments. "Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion." *Id*. The Court finds the disclosure of this report three weeks from the scheduled trial date to be timely, and will not exclude it.

Exhibits B and C will also not be excluded because neither of them relates to count six of the superseding indictment. Exhibit B is a recovered RAM disc[1] that the Government indicates it "has no intention of introducing" at trial. (*Id*., p. 9). Exhibit C is the summary narrative of the expected testimony of the task force officer who examined Ashmore's computer on February 3, 2016, when the federal search warrant was executed. The Court additionally finds the disclosure of this report three weeks from the scheduled trial date to be timely, and will not exclude it.

Finally, the Court denies Ashmore's request to dismiss count six of the superseding indictment. Ashmore argues that "[t]he Superseding Indictment should be dismissed based upon

---

[1] On the date the search warrant was executed, the on-site task force officer examining Ashmore's computer used a program known as IEF – Triage which captures random access memory, or RAM, on the examined computer. (Doc. 27, p. 7). At a meeting with the Government on October 18, 2016, defense counsel asked if the RAM capture was still available. (*Id*.). While it was believed to have been deleted, a search for the RAM extraction resulted in the finding of a back-up copy at the Homeland Security Office in Fort Smith. (*Id*.). Defense counsel received the recovered disc on October 25, 2016. (*Id*.).

the Government's willful failure to send the ordered evidence and then waiting until after Moshlak reviewed documents related to Counts One through Five to file the new Count." (Doc. 25, p. 5). As an additional basis, he argues "the Government then waited until days prior to trial to produce evidence that it has had in its possession since the inception of this case." (*Id*.). "To obtain dismissal of an indictment, a defendant must generally show both flagrant misconduct and substantial prejudice." *United States v. Tulk,* 171 F.3d 596, 598 (8th Cir. 1999). Where dismissal is sought as a discovery sanction, the Court considers: "(1) whether the Government acted in bad faith and the reason(s) for delay in production; (2) whether there is any prejudice to the defendant; and (3) whether any lesser sanction is appropriate to secure future Government compliance." *United States v. Amaya*, 750 F.3d 721, 727 (8th Cir. 2014) (citing *United States v. Pherigo,* 327 F.3d 690, 694 (8th Cir. 2003)). The Government contends in its motion that count six of the superseding indictment was added "for trial strategy purposes to offer evidence rebutting Defendant's claim that he had no knowledge of child pornography on his computer." (Doc. 27, p. 6). The Court does not find this reasoning to be in bad faith or to show both flagrant misconduct and substantial prejudice. Additionally, the Cellebrite extraction report relied upon in charging Ashmore in count six was emailed to the defendant on August 8, more than three months before trial. The timing of the disclosures of the recovered RAM disc and the two expert testimony summaries that are the subject of Ashmore's motion to exclude is not indicative of flagrant misconduct or substantial prejudice, either. Ashmore has not met his heavy burden, so the Court will not dismiss count six of the superseding indictment.

IT IS THEREFORE ORDERED that Defendant Justin Ashmore's motion to exclude evidence and dismiss count six of the superseding indictment (Doc. 25) is DENIED.

IT IS SO ORDERED this 31st day of October, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE